UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINA LORENZI,                    :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :    CASE NO. 3:08cv580(AWT)
                                 :
STATE OF CONNECTICUT JUDICIAL    :
BRANCH, KAREN BERRIS and         :
SHERRY ANTONACCI,                :
                                 :
    Defendants.                  :

RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The plaintiff, Lina Lorenzi, brings this Title VII employment discrimination action against the State of Connecticut Judicial Branch, Karen Berris and Sherry Antonacci. She alleges that the defendants discriminated against her on the basis of race and national origin and retaliated against her for her complaints of discrimination. The plaintiff served a Rule 30(b)(6) notice of deposition on the defendant Judicial Branch that listed twenty-one topics. The defendant objected on the grounds of, <u>inter alia</u>, breadth, burden and relevance. It also maintains that plaintiff has already obtained much of the evidence she seeks by way of interrogatories and depositions of fact witnesses. Pending before the court is the defendant's motion for protective order seeking to quash or limit the plaintiff's Rule 30(b)(6) deposition notice (Doc. #83.)

"Rule 30(b)(6) allows an organization to designate an individual to 'testify on its behalf.'" <u>Dongguk University v. Yale</u>

University, --- F.R.D. ----, 2010 WL 3270290, at *3 (D. Conn. 2010). "The testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation. . . . A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. . . . When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and 'any underlying factual qualifiers of those documents' (i.e. information which the defendant knows but is not apparent on the face of the documents)." Id. (citations omitted). "A party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual. In such a case, courts have allowed 30(b)(6) depositions in order to obtain testimony binding on the corporation even though that testimony was likely to essentially duplicate information which had already been stated in an individual deposition." Id.

During oral argument, plaintiff's counsel clarified the scope of the information requested. In many cases, the plaintiff seeks a corporate designee to explain documents the defendant produced. She also wants to obtain testimony to bind the Judicial Branch on certain issues. The information sought is relevant and not unduly burdensome. The court overrules the defendant's objections and

denies its motion. The defendant Branch shall designate a witness to testify on its behalf on the following:

1. Any training given to Judicial Branch managers at Berris's paygrade and above between 1/1/03 and 12/31/07 on how to address discrimination complaints, including any procedures for handling complaints and whether the defendants received such training.

2. The codes, entries and abbreviations that appear on the list the defendant produced regarding the items in topic 2 as well as an explanation of how the list was generated and maintained.

3 - 5. Identification of any documents responsive to topics 3, 4 and 5 and an explanation of the documents. The plaintiff shall not inquire as to the particulars of individual employees.

6. For the dates 1/1/03 to 12/31/07, the names of all those employed with the defendant Branch as Program Manager II, their dates of hire, and an indication of whether those employees had a written job description. For employees who had a written job description, the written job description shall be provided.

7. For the dates 1/1/03 to 12/31/07, the race of employees who directly reported to Karen Berris, Sherry Antonucci and Nancy Kierstead and an explanation of any documents responsive to topic 7.

8 - 9. The identification of any documents responsive to topics 8 and 9 and an explanation of those documents.

10. Withdrawn at the request of the plaintiff.

11. Any equal opportunity or affirmative action plan in effect during the plaintiff's employment as a Program Manager II, its requirements, its implementation and any training on implementation of the plan.

12 - 13. The defendant's corrective discipline policies, its supervisor's guides to performance appraisal and their application during the period when plaintiff was employed as a Program Manager II.

14 - 15. Withdrawn at the request of the plaintiff.

16 - 17. The defendant Branch's (1) decisions to appoint the plaintiff as a Program Manager II, extend her working test period and terminate her employment and (2) the defendant's evaluation of the plaintiff's job performance as a Program Manager II. The parties agreed to review depositions already taken to determine whether the depositions or any portion thereof may serve as the Rule 30(b)(6) deposition in response to these topics.

18, 20 - 21. The supervision of the plaintiff, including whether the supervision of the plaintiff comported with the defendant Branch's policies and procedures and any evaluation by the defendant Branch of the quality of supervision provided by the individual defendants.

19. Any investigations the defendant conducted in response to complaints made by the plaintiff while she was employed as a Program Manager II.

SO ORDERED at Hartford, Connecticut this 17th day of December, 2010.

                                              _____/s/_____
                                              Donna F. Martinez
                                              United States Magistrate Judge